1 | CRAIG G. STAUB, Bar No. 172857
cstaub@littler.com
2 | LITTLER MENDELSON, P.C.
633 West 5th Street
3 | 63rd Floor
Los Angeles, CA 90071
4 | Telephone: 213.443.4300
Facsimile: 213.443.4299
5
6 | RACHAEL LAVI, Bar No. 294443
CASSIDY C. VEAL, Bar No. 323899
LITTLER MENDELSON, P.C.
7 | 2049 Century Park East
5th Floor
8 | Los Angeles, CA 90067.3107
Telephone: 310.553.0308
9 | Fax No.: 310.553.5583

10 | Attorneys for Defendants
GEO CORRECTIONS AND DETENTION, LLC
11 | AND THE GEO GROUP, INC.

12

13 | UNITED STATES DISTRICT COURT

14 | CENTRAL DISTRICT OF CALIFORNIA

15 | LEA GARCIA, an individual | Case No.

16 | Plaintiff, | **DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

17 | v.

18 | GEO CORRECTIONS AND DETENTION, LLC, a Florida Limited Liability Company, THE GEO GROUP, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS GEO CALIFORNIA, INC., a Florida Corporation and Does 1 through 100, inclusive,

23 | Defendants.

**TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLEASE TAKE NOTICE** that Defendants The Geo Group, Inc., d/b/a GEO California, Inc. ("GEO"), and GEO Corrections and Detention, LLC ("GEO Corrections") (collectively, "Defendants") hereby remove this action from the Superior Court in the State of California for the County of San Bernardino to the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1332, 1441 and 1446.

This Notice is based upon the original jurisdiction of the United States District Court over the parties under 28 U.S.C. section 1332(a), based on complete diversity of citizenship. In support of this Notice of Removal, Defendants state as follows:

## I. STATEMENT OF JURISDICTION AND VENUE

1. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a), and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332, 1441(a), and 1146(b).

2. This action was filed in Superior Court of California for the County of San Bernardino. Thus, venue properly lies in this Court pursuant to 28 U.S.C. sections 84(c)(2), 1391(a), and 1441(a).

## II. PLEADINGS AND PROCESS

3. On February 19, 2019, Plaintiff Lea Garcia ("Plaintiff") filed a Complaint in the Superior Court of California for the County of San Bernardino (Case No. CIVDS1905866) asserting seven causes of action for: (1) disability discrimination (2) failure to accommodate; (3) failure to engage in the interactive process; (4) failure to take reasonable steps to prevent discrimination; (5) retaliation; (6) wrongful termination; and (7) retaliation in violation of the California Family Rights Act (the "Complaint"). Declaration of Rachael Lavi in Support of Defendant's Notice of

Removal ("Lavi Decl."), ¶ 2, Ex. A. Per the proofs of service, Plaintiff personally served a copy of the summons and Complaint on Defendants on March 5, 2019. *Id*. Plaintiff also served a copy of the civil case cover sheet, certificate of assignment, and notice of trial setting conference along with the Complaint. *Id.*

4. Defendants filed their Answer to the Complaint in the Superior Court of the State of California for the County of San Bernardino on April 3, 2019. Lavi Decl., ¶3, Ex. B.

5. Concurrent with the filing if this Notice of Removal, Defendants will file with the Clerk for the Superior Court of California for the County of San Bernardino a Notice to State Court of Removal to Federal Court in this action, together with a copy of Defendants' Notice to Federal Court of Removal. Lavi Decl., ¶4, Ex. C.

6. The Complaint also names as defendants DOES 1-100. Defendants are informed and believe and on that basis allege that none of the fictitiously-named defendants have been served with a copy of the Summons and Complaint. Therefore, the fictitiously-named defendants are not parties to the above-captioned action and need not consent to removal. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980); 28 U.S.C. section 1441(a).

7. The Lavi Declaration sets forth all the process, pleadings, and orders filed, to be filed, or served upon Defendants (to Defendants' current knowledge) in this action to the present date. Lavi Decl., ¶5.

**III. TIMELINESS OF REMOVAL**

8. This Notice of Removal is timely. Under 28 U.S.C. section 1446(b)(1), the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

9. Defendants' removal is timely, as it is filed within thirty days after Defendants were served with the Complaint. This removal is therefore timely under 28 U.S.C. section 1446(b)(1).

**IV. DIVERSITY OF CITIZENSHIP**

10. The Court has jurisdiction over this action because complete diversity of citizenship between citizens of different states exists and the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a).

> **A. Complete Diversity of Citizenship Exists Between the Parties Because Plaintiff is a California Citizen and Defendants are Florida Citizens.**

11. **Plaintiff is a citizen in California:** For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *See* 28 U.S.C. § 1332(a)(1); *see also Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place she resides with the intention to remain); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile for purposes of determining citizenship); *see also Id. at* 519-20 (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"). The Complaint states that Plaintiff was at all times relevant a resident of the State of California. Complaint, ¶1. Plaintiff is therefore a citizen of California.

12. **GEO Group, Inc. is a citizen of Florida:** For diversity purposes, a corporation "shall be deemed a citizen of any State in which it is incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1). GEO is incorporated in the state of Florida and has Florida as its principal places of business. Declaration of Karen Broadwater ("Broadwater Decl."), ¶2. All of GEO's business, executive, and administrative operations, including any California operations, are

centrally managed from its headquarters in Florida. *Id*. The majority, if not all, of GEO's executive and administrative functions are performed in Florida. Meetings of GEO's Board of Directors generally take place in Florida, and GEO's financial records are maintained in Florida. GEO's principal place of business is not California. *Id*. GEO's corporate officers who direct, control and coordinate operations are also located in GEO's corporate headquarters in the State of Florida. *Id.* at ¶3. Specifically, GEO's CEO, CFO, General Counsel, Executive Vice President - Human Resources, and Senior Vice President of US Corrections are located in the State of Florida. *Id*. From its headquarters in Florida, GEO makes and implements company-wide operating, financial, investment, employee relations, marketing, accounting, income tax, treasury, investor relations, and legal policy decisions. *Id.* at ¶4. GEO's tax returns are neither prepared in nor filed in California. *Id*. The Supreme Court's decision in *Hertz v. Friend*, 130 S. Ct. 1181, 1192 (2010), clarified that a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," which should "normally be the place where the corporation maintains its headquarters." *See also Breitman v. May Co. Cal.,* 37 F.3d 562, 564 (9th Cir. 1994) (corporation was citizen of state in which its corporate headquarters was located and where its executive and administrative functions were performed). Thus GEO is a citizen of Florida, not California.

13. **GEO Corrections and Detention, LLC is a citizen of Florida:** For diversity purposes, the citizenship of a limited liability company is a citizen of every state in which its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The sole member of GEO Corrections and Detention, LLC is Defendant The GEO Group, Inc. Broadwater Decl. ¶ 5. Therefore, the citizenship of Defendant GEO Corrections and Detention, LLC is the same as the citizenship of Defendant The GEO Group, Inc., and GEO Corrections is a citizen of Florida, not California.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

4.

14. DOES 1 to 100 are fictitious defendants and must be disregarded for the purpose of determining diversity jurisdiction. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (The "district court was correct in only considering the domicile of the named defendants").

15. Diversity of citizenship therefore exists because Plaintiff is a citizen of a state (California) different from the Defendants (Florida).  28 U.S.C. § 1332(a).

### B. The Amount in Controversy Exceeds $75,000.00.

16. Plaintiff's Complaint states within her Prayer for Relief that she alleges and seeks "compensatory damages including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts."  Complaint: Prayer for Relief, ¶ 1.  Additionally, she seeks an undisclosed amount in further damages for punitive damages, emotional distress, and attorney fees. Complaint: Prayer for Relief, ¶ 2-3; *see, e.g.*, Complaint ¶28.

17. The failure of the Complaint to specify the total amount of damages is inconsequential. *See White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W. Va. 1994) ("The defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead a specific dollar amount in controversy . . . otherwise . . . any Plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its claim."). Rather, Defendants need only establish by a ***preponderance of evidence*** that Plaintiff's claims exceed the jurisdictional minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  Thus, notwithstanding Plaintiff's failure to allege the total amount of damages she claims, the amount in controversy as alleged through the Complaint in this case exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

18. Defendants generally and specifically deny Plaintiff's allegations in the Complaint. In assessing the amount in controversy, however, a court must assume that

a jury will return a verdict for the Plaintiff on all claims. See, e.g., *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 993, 1001 (C.D. Cal. 2002).

19. **Compensatory Damages**: Compensatory damages are the foundation for determining the amount in controversy. *Bell v. Preferred Life Assur. Soc'y of Ala.*, 320 U.S. 238, 241 (1943); *Bassett v. Toyota Motor Credit Corp.*, 818 F. Supp. 1462, 1464-65 (S.D. Ala. 1993).

20. Plaintiff's last day of employment was on June 4, 2018. At the point of Plaintiff's employment separation, she was being paid $25.30 per hour and worked on average 40 hours per week, earning approximately $1,012.00 per week. Broadwater Decl., ¶11. Therefore, assuming this case goes to trial in 12 months from removal and assuming Plaintiff prevails on only her claim for wages in connection with her termination, Plaintiff would be entitled to lost earnings as back pay damages in the amount of $96,140.[1]

21. Further, Plaintiff can seek future damages in connection with her allegations against Defendants. Front pay awards in California frequently span a number of years. *See, e.g., Smith v. Brown-Forma Distillers Corp.,* 196 Cal. App. 3d 503, 518, 241 Cal. Rptr. 916 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal. App. 3d 91, 97-98, 127 Cal. Rptr. 222 (1976). Even conservatively estimating that Plaintiff seeks front pay benefits for one year, the amount of future wages in controversy in this case would total approximately an additional $52,624.00.[2] Thus, it may reasonably be estimated that, if Plaintiff prevails on her claims, Plaintiff's claims of back pay and front pay more likely than not exceed the sum of **$148,764.00** – well above the $75,000.00 threshold.

---

[1] Calculated by multiplying $1,012.00 per week by 95 weeks between 6/4/2018 and 4/4/2020.

[2] Calculated by multiplying $1,012.00 per week by 52 weeks.

22. As such, Plaintiff's claims for lost wages, without more, more than satisfy the amount in controversy requirement to establish federal diversity jurisdiction and Defendants have more than satisfied the minimal preponderance of evidence standard.

23. **General Damages.** The amount in controversy analysis also includes claims for "general damages," including damages for pain and suffering and emotional distress. Plaintiff claims she has suffered "shame, humiliation, mental anguish and emotional distress." *See, e.g.*, Complaint ¶28; *see Ajimatanrareje v. Metro. Life Ins. Co.*, 1999 U.S. Dist. LEXIS 7339, at *4-5 (N.D. Cal. May 12, 1999) (finding that emotional distress damages "may be considered in the amount in controversy even where not clearly pled in the complaint"); *Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F. Supp 1196, 1198 (N.D. Cal. 1998). Therefore, the Court should also include these potential damages in the amount in controversy analysis.

24. It would not be unreasonable for Plaintiff to allege emotional distress in an amount equal to or in excess of her purported economic damages. In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), the Ninth Circuit found that the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous, where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees."

25. **Punitive Damages.** Punitive damages are also included in calculating the amount in controversy if they are recoverable under state law. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Richmond v. Allstate Ins. Co.*, 897 F.Supp 447, 450 (S.D. Cal. 2003). In her Complaint, Plaintiff alleges that she is entitled to punitive damages against Defendants alleging that they acted "grossly reckless, and/or intentional, malicious, and bad faith." *See, e.g.*, Complaint, ¶30. If Plaintiff successfully establishes these

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

7.

allegations, she may be entitled to recover punitive damages under California Civil Code § 3294. California law does not provide monetary limitations on the amount of punitive damages that may be awarded under said statute. Rather, the proper amount of punitive damages is determined based on the reprehensibility of a defendant's misdeeds, the ratio between compensatory and punitive damages, and the ratio between damages and a defendant's net worth. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1359-60 (9th Cir. 1994).

26. Indeed, some courts have recognized that an award for punitive damages can be significant, and that in some cases, a punitive award itself could establish the amount in controversy. *See, e.g., Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994) (concluding in discrimination and wrongful termination case that the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct, and thus, the plaintiff's claim for punitive damages could alone exceed the jurisdictional minimum). Numerous court decisions and jury verdicts in state and federal courts located within the Ninth Circuit demonstrate that compensatory and punitive damages in excess of $75,000 have been awarded to individual plaintiffs where, as here, the plaintiff has alleged claims for discrimination and wrongful termination. For example, in *Jadwin v. County of Kern*, Case No. 07CV00026 (E.D. Cal. 2009), the plaintiff was awarded a total verdict of $505,457 based upon claims of retaliation in violation of the Family and Medical Leave Act and California Family Rights Act, failure to accommodate, and failure to engage in the interactive process. Likewise, in *Martin v. Arrow Electronics*, Case No. SACV041134 (C.D. Cal. 2006), the plaintiff was awarded in excess of one million dollars (including $300,000 for claimed pain and suffering) for allegations of, among others, disability discrimination and wrongful termination. In *Leuzinger v. County of Lake,* Case No. C060398(SBA) (N.D. Cal. 2007), plaintiff was awarded $1,679,001 for claims of disability discrimination and failure to accommodate. Taking into consideration that Plaintiff seeks many types of damages in excess of her lost

1  earnings, the amount of damages claimed by Plaintiff meets the minimum amount in controversy.

2  27. **Attorney's Fees.** Plaintiff also seeks attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (recognizing that "where an underlying statute authorizes an award of attorneys' fees, . . . such fees may be included in the amount in controversy."). In actions brought under the FEHA, the court may award to the prevailing party reasonable attorneys' fees. CAL. GOV'T CODE § 12965 (b). Specifically, in determining the amount of reasonable attorneys' fees to be awarded, courts often rely on the lodestar amount—calculated by multiplying the number of hours worked by each person entitled to compensation by the reasonable hourly rate for those activities. *Serrano v. Priest*, 20 Cal. 3d 25, 48 (1977).

28. The Ninth Circuit has recently clarified that a reasonable estimate of *future* attorneys' fees may be included in the amount in controversy analysis. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793-796 (9th Cir. 2018). In *Fritsch*, the Ninth Circuit held that "when we assess the amount in controversy at the time of removal, we must include all relief to which a plaintiff is entitled if the action succeeds. Accordingly, if the law entitles the plaintiff to future attorneys' fees if the action succeeds, 'then there is no question that future [attorneys' fees] are 'at stake" in the litigation.'" *Id.* at 794. *See also*, *Schneider v. Ford Motor Co.*, 2018 U.S. App. LEXIS 34965, fn. 4 (9th Cir. Dec. 12, 2018), *citing*, *Fritsch,* "The possibility that the putative class members could receive an award of attorneys' fees buttresses our conclusion that the amount in controversy exceeds $5 million"); *In re Volkswagen "clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, 2019 U.S. Dist. LEXIS 31562, *331 (N.D. Cal. Feb. 27, 2019)(following *Fritsch*, using future attorneys' fees to determine amount in controversy, and indicating that "[t]o determine the amount of attorneys' fees at stake, the removing party can provide an 'estimate[] [of] the amount of time that the case will require,' and an estimate of 'plaintiff's counsel's hourly billing rate'"); *Cortez v. United Natural Foods, Inc.*, 2019 U.S. Dist. LEXIS 31540,

*22-25 (N.D. Cal. Feb. 27, 2019)(following *Fritsch*); *Ramirez v. Benihana Nat'l Corp.*, 2019 U.S. Dist. LEXIS 3537, *5-7 (following Fritsch and indicating either percentage method or lodestar method are appropriate for determining future attorneys' fees in controversy).

29. The attorneys' fees alone through trial of any of Plaintiff's causes of action would likely exceed $75,000.00, and could be many times that amount. Among the many ways to demonstrate prevailing market rates, are the following: (1) declarations from local attorneys (*U.S. v. City & County of San Francisco*, 748 F.Supp. 1416, 1431 (N.D. Cal. 1990)); (2) rates awarded to the claiming attorneys in previous actions (*Margolin v. Regional Planning Comm'n*, 134 Cal.App. 3d 999 (1982)); and (3) rates awarded to attorneys of comparable experience in other cases in the same market (*Id.*). In this case, attorneys' fees alone are likely to exceed $75,000.00 should Plaintiff prevail. *See e.g. Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (upholding an award of attorneys' fees under the Fair Employment and Housing Act ("FEHA") for $1,088,231); *Dwyer v. Crocker Nat'l Bank*, 194 Cal. App. 3d 1418 (1987) (upholding award of $75,258 in attorneys' fees under the FEHA); *Zissu v. Bear, Stearns & Co.*, 805 F.2d 75 (1986) (upholding $550,000 in attorneys' fees awarded under the FEHA).

30. Thus, by virtue of the claims Plaintiff asserts in this case, the preponderance of evidence demonstrates that she seeks damages far in excess of seventy five thousand dollars ($75,000.00), and, therefore, removal is proper. *See DeAguillar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (holding that removal is proper where "the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount"); *accord Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (finding that facts presented in notice of removal, combined with plaintiff's allegations, are sufficient to support finding that jurisdictional limits are satisfied.)

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

10.

## V. NOTICE TO PLAINTIFF AND STATE COURT

31. As required by 28 U.S.C. section 1446(b), Defendants will provide Plaintiff, through her counsel, with written notice of this removal.

32. As required by 28 U.S.C. section 1446(d), Defendants will file a copy of this Notice of Removal with the Superior Court of California for the County of San Bernardino.

WHEREFORE, Defendant respectfully petitions the removal of this case from the Superior Court of the State of California for the County of San Bernardino to this United States District Court for the Central District of California.

Dated: April 4, 2019

                    */s/ Rachel Lavi*
CRAIG G. STAUB
RACHAEL LAVI
CASSIDY C. VEAL
LITTLER MENDELSON, P.C.
Attorneys for Defendant
THE GEO GROUP, INC.

FIRMWIDE:163418658.2 059218.1386

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

11.