# EXHIBIT A

**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

March 6, 2019

The GEO Group, Inc.
Joseph Negron SVP & General Counsel
The GEO Group, Inc.
621 N.W. 53 Street, Suite 700
BOCA RATON  FL  33487

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

**Item: 2019-138**

| | | |
|---|---|---|
| 1. | **Client Entity:** | The GEO Group, Inc. |
| 2. | **Title of Action:** | Lea Garcia, an Individual vs. Geo Corrections and Detention, LLC, a Florida Limited Liability Company, The Geo Group, Inc. Which Will Do Business in California, Et al. |
| 3. | **Document(s) Served:** | Summons<br>Complaint For Damages<br>Exhibits<br>Civil Case Cover Sheet |
| 4. | **Court/Agency:** | San Bernardino County Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | CIVDS1905866 |
| 7. | **Case Type:** | Disability Discrimination in Violation of the Fair Employment and Housing Act |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Tuesday 3/5/2019 |
| 10. | **Date to Client:** | Wednesday 3/06/2019 |
| 11. | **# Days When Answer Due:** 30<br>**Answer Due Date:** 4/4/2019 | **CAUTION:** Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of service in their records matches the Date Received. |
| 12. | **SOP Sender:**<br>(Name, City, State, and Phone Number) | Roman Otkupman<br>Agoura Hills, CA<br>818-293-5623 |
| 13. | **Shipped to Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | Not Applicable |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | Also Attached:<br>* Certificate Of Assignment, Etc.<br><br>Please note there are other Due Dates listed in the document |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>GEO CORRECTIONS AND DETENTION, LLC, a Florida Limited<br>Liability Company,<br>~~Additional parties attachment form is attached.~~<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>LEA GARCIA, an individual | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>FEB 1 9 2019<br><br>BY _____<br>RAFAEL HERNANDEZ, DEPUTY |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*: San Bernardino Justice Center<br>247 W 3rd St<br>San Bernardino, CA 92415 | **CASE NUMBER:**<br>*(Número del Caso):*<br>CIVDS1905866 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Roman Otkupman & Meghan Maertz: 28632 Roadside Dr, Ste 203 Agoura Hills, CA 91301; (818)293-5623

| DATE:<br>*(Fecha)* FEB 1 9 2019 | Clerk, by<br>*(Secretario)* Rafael Hernandez | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)* Rafael Hernandez
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|
| [SEAL]<br>COPY | 1. [ ] as an individual defendant.<br>2. [ ] as the person sued under the fictitious name of *(specify)*:<br><br>~~The Geo Group, Inc., which will do business~~<br>3. [ ] ~~on behalf of (specify):~~ ~~in California as Geo California, Inc.~~<br><br>   under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)<br>         [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)<br>         [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)<br>         [ ] other *(specify)*:<br>4. [✓] by personal delivery on *(date)*: |

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lea Garcia vs. Geo Corrections and Detention, LLC, et al. | CIVDS1905866 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

THE GEO GROUP, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS GEO CALIFORNIA, INC., a Florida Corporation and Does 1 through 100, inclusive,

Page ___1___ of ___1___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1 | Roman Otkupman, CSBN 249423
*Roman@OLFLA.com*

2 | Meghan Maertz, CSBN 276976
*Meghan@OLFLA.com*

3 | OTKUPMAN LAW FIRM, A LAW CORPORATION
28632 Roadside Drive, Suite 203

4 | Agoura Hills, CA 91301
Telephone: (818) 293-5623

5 | Facsimile: (888) 850-1310

6 | Attorneys for Plaintiff,
Lea Garcia

7

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

FEB 1 9 2019

BY _____
RAFAEL HERNANDEZ, DEPUTY

8 | ## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | ## COUNTY OF SAN BERNARDINO

10 | LEA GARCIA, an individual

CASE NO. CIVDS1905862

11 | Plaintiff,

12 | vs.

13 |

14 | GEO CORRECTIONS AND DETENTION, LLC, a Florida Limited Liability Company,

15 | THE GEO GROUP, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS GEO CALIFORNIA, INC., a Florida Corporation

16 | and Does 1 through 100, inclusive,

17 | Defendants.

**COMPLAINT FOR DAMAGES:**

1. **DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA (CAL. GOV. CODE § 12940 ET SEQ.);**

2. **FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA (CAL. GOV. CODE § 12940(m));**

3. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF THE FEHA (CAL. GOV. CODE § 12940(n));**

4. **FAILURE TO TAKE REASONABLE STEPS TO PREVENT DISCRIMINATION IN THE WORK PLACE IN VIOLATION OF THE FEHA (ACT GOV. CODE § 12940(k));**

5. **RETALIATION IN VIOLATION OF THE FEHA (CAL. GOV. CODE § 12940(h));**

6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AND FEHA (CAL. GOV. CODE § 12940 ET SEQ);**

OTKUPMAN LAW
FIRM, ALC
ATTORNEYS AT LAW

COMPLAINT FOR DAMAGES

1

7. **RETALIATION IN VIOLATION OF THE CRFA (CAL. GOV'T CODE § 12945.2);**

**REQUEST FOR JURY TRIAL**

PLAINTIFF, Lea Garcia, complains and alleges as follows:

## GENERAL ALLEGATIONS

(Against Defendant and all DOE Defendants)

1.     At all times herein mentioned, Plaintiff Lea Garcia, is and was a resident of the City of Rancho Cucamonga, State of California.

2.     At all times herein mentioned, Defendants Geo Corrections and Detention, LLC, The Geo Group, Inc. Which Will Do Business in California as Geo California, Inc. and Does 1-100 (hereinafter also referred to as "Defendants"), is licensed to do business within the City of Adelanto, County of San Bernardino. Defendant employed the Plaintiff at 10400 Rancho Road, Adelanto, California 92301. Plaintiff is informed and believes that said Defendant employed more than 5 employees within a 50-mile radius of the location where Plaintiff was employed.

3.     The Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100 inclusive and so the Plaintiff sues them by these fictitious names. The Plaintiff is informed and believes that each of the DOE defendants reside in the State of California and are in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these fictitiously named Defendants, the Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named defendants.

4.     Unless otherwise alleged in this complaint, the Plaintiff is informed, and on the basis of that information and belief alleges that at all times herein mentioned, each of the remaining codefendants, in doing the things hereinafter alleged, were acting within the course, scope, and

1   under the authority of the agency, employment, or representative capacity, with the consent of

2   her/his codefendants.

3       5.      Plaintiff began working for Defendant on or about January 30, 2016 as a Detention

4   Officer. While working for Defendant, Plaintiff was earning approximately $21.00 per hour.
    Plaintiff's primary job responsibilities involved maintaining security around the perimeter,

5   receiving and processing detainees into custody and preparing routine records on detainees.

6       6.      Throughout her employment with Defendant, Plaintiff was a diligent worker.

7       7.      On or about October 16, 2017, Plaintiff was experiencing severe back pain, and

8   numbness in her feet. Plaintiff sought medical attention from Mountain View Urgent Care's facility

9   and was diagnosed with Grade I Spondylolsithesis, Degenerative disc Disease, and Spasms.

        8.      On or about October 19, 2017, Plaintiff's symptoms did not change which resulted
10
    in her seeing a physician at the Caring Family Medicine facility. Plaintiff was in severe pain and
11
    had to undergo imaging tests. Due to Plaintiff's severe medical condition, she was placed off work
12
    until November 19, 2017, by her physician. Plaintiff submitted her medical note to Defendant via
13
    Facsimile.

14      9.      On or about November 15, 2017, Plaintiff sought medical attention and was

15  diagnosed with Low Back Pain, Spondylolisthesis, Lumbar Radiculopathy and Lumbar

16  Spondylosis. Plaintiff was further placed off work until December 3, 2017, by her physician.
    Plaintiff's medical note was submitted to Defendants electronically.

17
        10.     On or about December 5, 2017, Plaintiff was experiencing further symptoms of the
18
    above mentioned disabilities.  Plaintiff was seen by her primary physician who diagnosed her with
19
    Lumbar Radiculopathy, Sciatica, Bilat Sides, and Low Back Pain.

20      11.     On or about December 13, 2017, Plaintiff's symptoms did not change and her leave

21  of absence was further extended until January 15, 2018.

22      12.     On or about January 16, 2018, Plaintiff was diagnosed with Spinal Stenosis of
    Lumbar Spine, Spondylolisthesis, Sciatica, Bilat Sides, and Chronic Low Back Pain. Plaintiff's
23
    leave of absence was further extended until February 18, 2018, by her physician.

24      13.     On or about February 16, 2018, Plaintiff was seen by a pain specialist. Plaintiff had

25  to undergo treatment for her incapacitating pain and uncontrolled symptoms. Plaintiff was further

26  diagnosed with Spinal Stenosis of Lumbar Spine, Spondylolisthesis and Sciatica.

14.     On or about February 19, 2018, Plaintiff's leave of absence was further extended until March 4, 2018. Plaintiff's physician indicated that Plaintiff is to be placed on modified activity at work and at home from March 5, 2018 through April 4, 2018.

15.     On or about March 16, 2018, Plaintiff was experiencing sharp shooting pain and numbness and tingling going down to posterior aspect of her legs to her calves bilaterally. Plaintiff was further diagnosed with Spondylolisthesis. Plaintiff's leave of absence was further extended until July 18, 2018.

16.     On or about April 16, 2018, Plaintiff had back fusion surgery.

17.     Rather than accommodating Plaintiff's serious injuries, Defendants retaliated against Plaintiff by wrongfully terminating her employment on June 4, 2018, for pretextual reasons.

18.     The foregoing and following actions taken towards Plaintiff that are alleged in this complaint were carried out by managerial employees and agents of said Defendant acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage the Plaintiff. On or about February 13, 2019 Plaintiff exhausted her administrative remedies by obtaining a Right to Sue notice from the Department of Fair Employment and Housing. Said notice is attached hereto as **Exhibit "A"**.

**VENUE AND JURISDICTION**

19.     Venue is proper under *Code of Civil Procedure* section 395, in that Plaintiff's injuries were incurred within this jurisdiction, and the actions that gave rise to Plaintiff's complaint arose within this jurisdiction.

**FIRST CAUSE OF ACTION**

**DISABILITY DISCRIMINATION IN VIOLATION OF THE**

**FAIR EMPLOYMENT AND HOUSING ACT**

**California Government Code § 12940 et seq.**

(Against Defendant and all DOE Defendants)

20.     Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

21.     The actions of Defendant, as described in this Complaint, constitute unlawful discrimination on the basis of Plaintiff's disability.

22.     Plaintiff alleges that her condition of Spinal Stenosis of Lumbar Spine, Leg Weakness to Both Sides, Urinary Retention, Chronic Low Back Pain, Spondylolisthesis, Lumbar

1  Radiculopathy, Lumbar Spondylosis, Sciatica, and Bilat Sides prevented and/or substantially
2  limited Plaintiff from engaging in major life activities was a physical disability.
3          23.     At all times herein mentioned, Plaintiff was regarded as being disabled and
4  suffering from a disability, and at all relevant times, Plaintiff was able to perform the essential
   functions of her job with reasonable accommodations.
5          24.     Plaintiff brings this cause of action for disability discrimination and termination
6  of employment because of such disability. Furthermore, though Plaintiff's need for an
7  accommodation was clearly communicated to Human Resources Manager, Berta Barocio-
8  Sullivan, it was blatantly ignored and Plaintiff was ultimately terminated.
9          25.     Plaintiff alleges that she was discriminated against by the Defendant, named in
10 this cause of action, as follows:
11         a.      firing Plaintiff for her disability;
12         b.      firing Plaintiff in retaliation for needing accommodation for her disability;
13         c.      generally not wanting Plaintiff to work at the Defendant because Plaintiff had
                   suffered a serious disability which Defendant perceived as a disability, and by
14                 perceiving said disability, Defendant anticipated it would have to pay extra
15                 costs in reasonably accommodating Plaintiff, and as a result, said Defendant
16                 retaliated against Plaintiff, and terminated her to avoid providing any
17                 reasonable accommodations and to avoid any perceived extra medical costs
                   associated with Plaintiff's disability. The discrimination impeded Plaintiff's
18                 progress and the enjoyment of her employment with Defendant. The
19                 discriminatory work environment existed on a continuing and ongoing basis up
20                 to Plaintiff's termination.
21         26.     Defendant knew (or should have known) of the discriminatory work
22 environment and conduct against Plaintiff but did nothing to prevent or stop the discrimination.
23         27.     Defendant's disability discrimination as described in this Complaint violates the
   Fair Employment and Housing Act as promulgated in California Government Code Section
24 12940 et. seq., and other state and federal statutes which prohibit discrimination in
25 employment, including the California Constitution and the Civil Rights Act as amended.
26         28.     As a direct and proximate result of Defendant's discrimination, Plaintiff has
   sustained and will continue to suffer damages in an amount within the jurisdiction of this court,
   the exact amount to be proven at trial. Such damages include:

a.      loss of salary and other valuable employment benefits;

b.      prejudgment interest and interest on the sum of damages at the legal rate; and

c.      other consequential damages, including damages for shame, humiliation, mental anguish and emotional distress caused by the conduct of Defendants.

29.    In addition, Plaintiff is entitled to her attorney's fees in prosecuting this lawsuit, pursuant to California Government Code Section 12965(b).

30.    The grossly reckless, and/or intentional, malicious, and bad faith manner in which said Defendants named in this cause of action, and each of them, engaged in those acts as described in this cause of action by willfully violating those statutes enumerated in this cause of action and terminating Plaintiff for having said disability, including Defendant's willful violation of the Act, entitle Plaintiff to punitive damages against said Defendant in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendant, deter Defendant from engaging in such conduct again, and to make an example of them to others.

31.    Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendant named in this cause of action, described above, was done with oppression and malice by the Plaintiff's supervisor and managers and were ratified by those other individuals who were managing agents of said Defendant. These unlawful acts were further ratified by the Defendant employers and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendant, for their acts as described in this cause of action in a sum to be determined at the time of trial.

32.    Because the wrongful acts against Plaintiff were carried out, authorized or ratified by said Defendant's directors, officers and/or managing agents, acting with malice, oppression or fraud, or deliberate, willful and conscious disregard of the probability of causing injury to Plaintiff, as reflected by the actions as described earlier in this Complaint, Plaintiff seeks punitive damages against Defendant in order to deter them from such and similar conduct in the future.

///
///
///
///

## SECOND CAUSE OF ACTION

### FAILURE TO ACCOMMODATE IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

**California Government Code § 12940(m)**

(Against Defendant and all DOE Defendants)

33.     Plaintiff incorporates by references all preceding paragraphs in this complaint.

34.     Plaintiff is and all times mentioned herein was, qualified and able to hold a position with Defendant.

35.     Defendant never offered Plaintiff reasonable accommodation and in spite of Defendant's legal duty. Plaintiff requested reasonable accommodation such as taking time off to care for her medical condition. Defendant failed to accommodate Plaintiff's reasonable request.

36.     Furthermore, Plaintiff alleges that in spite of Defendant's legal duty, Defendant never offered any accommodation to Plaintiff prior to Plaintiff's termination.

37.     As a proximate result of Defendant's conduct, Plaintiff has suffered damage in an amount subject to proof, but which are in excess of the jurisdiction minimum of this Court and which include but are not limited, accrued but unpaid salary, bonuses and benefits, front pay, back pay, severance pay, and damages for emotional distress.

38.     The grossly reckless, and/or intentional, malicious, and bad faith manner in which said Defendants named in this cause of action, and each of them, engaged in those acts as described in this cause of action by willfully violating those statutes enumerated in this cause of action and terminating Plaintiff for having said disability, including Defendant's willful violation of the Act, entitle Plaintiff to punitive damages against said Defendant in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendant, deter Defendant from engaging in such conduct again, and to make an example of them to others.

39.     Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendants, described above, was done with oppression and malice by the Plaintiff's supervisor and managers and were ratified by those other individuals who were managing agents of said Defendant.  These unlawful acts were further ratified by the Defendant employers and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff.  By reason thereof, Plaintiff is entitled to

1 punitive or exemplary damages against said Defendants for their acts as described in this cause

2 of action in a sum to be determined at the time of trial.

3     40.    Because the wrongful acts against Plaintiff were carried out, authorized or

4 ratified by said Defendant's directors, officers and/or managing agents, acting with malice,

oppression or fraud, or deliberate, willful and conscious disregard of the probability of causing

5 injury to Plaintiff, as reflected by the actions as described earlier in this Complaint, Plaintiff

6 seeks punitive damages against Defendants in order to deter them from such and similar

7 conduct in the future.

8     41.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees

9 in a sum according to proof.

**THIRD CAUSE OF ACTION**

10 **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN**

11 **VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

12 **California Government Code § 12940(n)**

13 (Against Defendant and all DOE Defendants)

14     42.    Plaintiff incorporates by references all preceding paragraphs in this complaint.

15     43.    At all times herein mentioned the FEHA, Government Code Section 12940(n),

16 was in full force and effect and binding on Defendant. These statutes required Defendant to

engage in an interactive process in assessing the employee's disability in order to provide a

17 reasonable accommodation. The Government Code Section 12940(n) makes it an unlawful

18 employment practice for an employer to fail to engage in a timely, good faith, interactive

19 process with the employee to determine the effective reasonable accommodations, if any, in

20 responses to a request for reasonable accommodation by an employee with a known physical

21 disability.

22     44.    Plaintiff suffered from a disability and a medical condition during her

employment at Defendant and all DOE Defendants. Plaintiff's injury manifested itself in a

23 disability, which was disclosed to Defendant. Plaintiff alleges that Defendant did not engage in

24 any interactive process with Plaintiff to determine the extent and nature of her medical

25 condition and whether her request for reasonable accommodation could be granted.

26 Subsequently, Defendant terminated Plaintiff's employment as a result of Plaintiff's disability.

    45.    As a proximate result of Defendant's willful, knowing and intentional

discrimination against Plaintiff, by failing to provide Plaintiff with the requested reasonable

accommodation concerning her medical condition and actual and/or perceived disability, and by failing to engage in any interactive process, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damages in a sum according to proof.

46.    Defendant has committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff's rights. Accordingly, Plaintiff requests the assessment of punitive damages against Defendant, in an amount appropriate to punish and make example of it.

47.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees in a sum according to proof.

## FOURTH CAUSE OF ACTION

### FAILURE TO TAKE REASONABLE STEPS TO PREVENT DISCRIMINATION IN THE WORK PLACE IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

### California Government Code § 12940(K)

(Against Defendant and all DOE Defendants)

48.    Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

49.    Plaintiff was discriminated against as described in this Complaint. Although Defendant knew or should have known of the discriminatory conduct, it failed and refused to take all the reasonable steps necessary to prevent the discrimination from occurring.

50.    Defendant failed or refused to take appropriate steps to abate or prevent discrimination in the workplace by failing to effectively enforce policy against unlawful discrimination, failing to thoroughly investigate complaints of discrimination, and failing to take prompt and appropriate disciplinary action against perpetrators of discrimination. On the contrary, Defendant implemented policies that promoted discrimination of Plaintiff based on her disability.

51.    Defendant's conduct as described constitutes a violation of California Government Code Section 12940(k).

52.    As a direct and proximate result of the acts of Defendant, Plaintiff has sustained and continues to suffer severe emotional distress. Plaintiff seeks general damages for her

1  severe emotional distress and other consequential damages in an amount not less than an

2  amount within the jurisdiction of this court, the exact amount to be proven at trial.

3       53.    In addition, Plaintiff is entitled to her attorney's fees in prosecuting this lawsuit,
   pursuant to California Government Code § 12965(b).

4       54.    Further, because the wrongful acts against Plaintiffs were carried out or ratified

5  by directors, officers and/or managing agents of Defendant acting with malice, oppression or

6  fraud, or were deliberate, willful and in conscious disregard of the probability of causing injury

7  to Plaintiff, as demonstrated by actions and as described earlier in this Complaint, Plaintiff

8  seeks punitive damages against Defendant, in order to deter them from such and similar

9  conduct in the future.

10              **FIFTH CAUSE OF ACTION**

11  **RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING
              ACT**

12        **California Government Code § 12940(h)**

13           (Against Defendant and all DOE Defendants)

14       55.    Plaintiff incorporates and re-alleges by reference all previous paragraphs of this
   Complaint as if fully set forth herein.

15

16       56.    Government Code §12940(h) provides that it is unlawful for an employer or

17  other entity covered by this part to "discharge, expel, or otherwise discriminate against any

18  person because the person has opposed any practices forbidden" under the Fair Employment
   and Housing Act.

19       57.    On or about October 16, 2017, Plaintiff was experiencing severe back pain, and

20  numbness in her feet. Plaintiff sought medical attention from Mountain View Urgent Care's facility

21  and was diagnosed with Grade I Spondylolisthesis, Degenerativedisc Disease, and Spasms.

22       58.    Plaintiff was further diagnosed with Spinal Stenosis of Lumbar Spine, Leg
   Weakness to Both Sides, Urinary Retention, Chronic Low Back Pain, Spondylolisthesis, Lumbar

23  Radiculopathy, Lumbar Spondylosis, Sciatica, and Bilat Sides.

24       59.    Rather than accommodating Plaintiff's serious injuries, Defendants retaliated against

25  Plaintiff by wrongfully terminating her on June 4, 2018, for pretextual reasons.

26       60.    Plaintiff is informed and believes and alleges that the reasons for Defendant's
   termination of Plaintiff was in retaliation of Plaintiff's disability.

        61.    As a proximate result of Defendant's willful, knowing and intentional

retaliation against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings, humiliation, emotional distress, and mental pain and anguish, all to her damage in a sum according to proof.

62.     Defendant's acts as herein described were committed maliciously or oppressively with the intent of injuring Plaintiff and/or with a willful disregard for Plaintiff's right to work in an environment free from unlawful discrimination. Because the acts were carried out by officers, directors and/or managing agents of Defendant in a despicable, deliberate, and intentional manner, Plaintiff is entitled to recover punitive or exemplary damages in a sum sufficient to punish and deter such future conduct.

63.     As a proximate result of the wrongful acts alleged, Plaintiff has been generally and specially damaged in an amount to be proven at trial.

64.     Plaintiff requests an award of attorney's fees and costs of suit pursuant to Government Code §12965(b).

## SIXTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AND THE FAIR EMPLOYMENT HOUSING ACT

#### California Government Code § 12940 et seq.

(Against Defendant and all DOE Defendants)

65.     Under California law, no employee, whether they are an at-will employee, or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy. The California Court has interpreted a fundamental public policy to be any articulable constitutional, or statutory provision, or regulation that is concerned with a matter affecting society at large rather than a purely personal or proprietary interest of the employee or the employer. Moreover, the public policy must be fundamental, substantial, and well established at the time of discharge.

66.     Plaintiff is informed, believes, and based thereon, alleges that said Defendant named in this cause of action, and all DOE Defendants, and each of them, terminated Plaintiff's employment in violation of the Fair Employment & Housing Act, (FEHA), and public policy by terminating Plaintiff on the basis of Plaintiff's disability. The conduct described in the above sentence violates the following statutes that affect society at large:

b.     under the FEHA, California <u>Government Code</u> §12940, which prohibits employers from terminating and discriminating against their employees in terms, conditions, and privileges of employment because of their disability;

c.     all other state statutes, regulations, administrative orders, and ordinances which affect society at large, and which discovery will reveal were violated by said Defendants by retaliating, harassing, discriminating against Plaintiff.

67.     ·Plaintiff alleges that the Defendant, named in this cause of action, violated articulated public policies, affecting society at large, by violating the statutes and the California Constitution, when said Defendant, terminated Plaintiff's employment in violation of public policy as such:

a.     by acting unlawfully in a manner that affects the California workplace by creating an unstable and unethical workplace by discriminating against and retaliating against Plaintiff and terminating Plaintiff's employment on the basis of her disability under California <u>Government Code</u> 12940, et seq.

68.     As a direct, foreseeable, and proximate result of the actions of said Defendant and all Doe Defendants, and each of them, named in this Cause of Action, as described in this cause of action, Plaintiff has suffered, and continues to suffer, severe emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits she would have received from said Defendant plus expenses incurred in obtaining substitute employment and not being regularly employed for months and not being able to provide for herself and her family, as well as other financial losses, all to the Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

69.     The grossly reckless and/or intentional, malicious, and bad faith manner in which said Defendant and DOES 1-100 conducted themselves as described in this cause of action by willfully violating those statutes and public policies numerated in the above Paragraphs, Plaintiff prays for punitive damages against said Defendant in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendant, deter Defendant from engaging in such conduct again, and to make an example of Defendant to others.

70.     Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendant, as described above, was done with oppression, and malice, by the Plaintiff's supervisor and manager and was ratified by those other individuals who were

1 managing agents of said Defendant. These unlawful acts were further ratified by the

2 Defendant's employees and done with a conscious disregard for the Plaintiff's rights and with

3 the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to

4 punitive or exemplary damages against said Defendant for its acts as described in this cause of

action, in a sum to be determined at the time of trial.

5 <u>**SEVENTH CAUSE OF ACTION**</u>

6 **RETALIATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT**

7 **California Government Code § 12945.2 and**

8 **California Code of Regulations § 7297.9**

9 (Against all Defendants and all DOE Defendants)

10 71.   Plaintiff incorporates and re-alleges by reference all previous paragraphs of this

Complaint as if fully set forth herein.

11 72.   At all relevant times, Defendant was the employer covered by the California

12 Family Rights Act ("CFRA") because Defendant employed fifty (50) or more full or part-time

13 employees for each working day of each of the twenty (20) calendar weeks preceding and

14 following the leave periods.

15 73.   Plaintiff is a member of the class of persons entitled to protected medical and/or

16 family leave under the California Family Rights Act, embodied in Government Code Section

17 12945.2. Specifically, Plaintiff worked for more than one (1) year of Defendants and worked in

excess of one thousand two hundred and fifty hours (1,250) in the preceding twelve (12) month

18 period prior to her requested leave. Further, Plaintiff had a qualifying medical condition of Spinal

19 Stenosis of Lumbar Spine, Leg Weakness to Both Sides, Urinary Retention, Chronic Low Back

20 Pain, Spondylolisthesis, Lumbar Radiculopathy, Lumbar Spondylosis, Sciatica, and Bilat Sides.

21 Plaintiff's serious health condition further prevented and/or substantially limited Plaintiff from

22 engaging in major life activities was a physical disability.

23 74.   Defendants violated the CFRA by retaliating against Plaintiff because she sought

to exercise, including, without limitation, Defendants terminated Plaintiff's employment in

24 whole because she sought to exercise her rights under the CFRA.

25 75.   At all times herein mentioned, Government Code § 12945.2 was in full force

26 and effect, and was binding upon Defendant and all Doe Defendants. Said section required said

Defendants, their employees and agents, to not retaliate against Plaintiff for requesting and/or

taking time off for statutory family care and medical leave. Moreover, at all times herein

1  mentioned, California Code of Regulations Title 2 §7297.7 was in full force and effect and was

2  binding upon Defendants.

3      76.    As a proximate result of Defendants wrongful conduct as alleged herein,

4  Plaintiff sustained damages from the loss of her employment, from loss of past and future

earnings and other employment benefits, from loss of all other rights and benefits which

5  naturally exist with fair employment, but which were denied to her by said Defendants, all in

6  an amount to be proven at the time of trial.

7      77.    As a direct and foreseeable result of the aforesaid acts of said Defendant, Plaintiff

8  has lost and will continue to lose income and benefits in an amount to be proven at the time of

9  trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to

10  Civil Code Section 3287 and/or any other provision of law providing for pre-judgment interest.

    78.    As a result of the aforesaid acts of Defendant, Plaintiff claims general damages

11  for mental and emotional distress and aggravation in an amount to be proven at the time of

12  trial.

13      79.    The above described acts of Defendants, by and through their managing agents,

14  officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and

15  intentional manner in order to injure and damage Plaintiff and/or with conscious disregard of

Plaintiff and her rights. Such acts were despicable, and constitute malice, fraud and/or

16  oppression within the meaning of Civil Code Section 3294. Plaintiff requests an assessment of

17  punitive damages against Defendants, in an amount to be proven at time of trial.

18      80.    Plaintiff will also seek and is entitled to recover attorney's fees in connection with

19  this cause of action under the private attorney general doctrine (Civ. Code section 1021.5) as

20  well as a Government Code Section 12940, et seq.

21      81.    Wherefore, Plaintiff requests relief as described below.

22      Wherefore, Plaintiff prays that Judgment be entered in her favor and against

Defendants and each of them as follows:

23

24  1. For a money judgment representing compensatory damages including lost wages, earnings,

25      retirement benefits and other employee benefits, and all other sums of money, together with

26      interest on these amounts, according to proof;

2. For punitive damages, in an amount to be ascertained, according to proof, that will sufficiently punish the named Defendants, make an example of said Defendants, and deter future conduct;

3. For costs of suit and attorney fees;

4. For prejudgment and post judgment interest;

5. For any other relief that is just and proper;

6. For attorney fees pursuant to C.C.P. § 1021.5 and Gov't. Code § 12965(b).

**REQUEST FOR JURY TRIAL**

DATED: February 14, 2019                    OTKUPMAN LAW FIRM, ALC

By: _____
Roman Otkupman
Meghan Maertz
Attorneys for Plaintiff, Lea Garcia

# EXHIBIT "A"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                   GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                            KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

February 13, 2019

Roman Otkupman
28632 Roadside Drive, Suite 203
Agoura Hills, California 91301

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 201902-05135714
      Right to Sue: Garcia / Geo Corrections and Detention, LLC et al.

Dear Roman Otkupman:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                      GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

February 13, 2019

RE:  **Notice of Filing of Discrimination Complaint**
     DFEH Matter Number: 201902-05135714
     Right to Sue: Garcia / Geo Corrections and Detention, LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

February 13, 2019

Lea Garcia

RE: **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 201902-05135714
      Right to Sue: Garcia / Geo Corrections and Detention, LLC et al.

Dear Lea Garcia,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective February 13, 2019 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

1
2
3

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

4

**In the Matter of the Complaint of**

5      Lea Garcia                                          DFEH No. 201902-05135714

6                                Complainant,

7      vs.

8      Geo Corrections and Detention, LLC

9      '

10     The Geo Group, Inc. Which Will Do Business In
       California as Geo California, Inc.

11     '

12                             Respondents

13     ─────────────────────────────────────

14     1. Respondent **Geo Corrections and Detention, LLC** is an **employer** subject to
15     suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, §
       12900 et seq.).

16     2. Complainant **Lea Garcia**, resides in the City of  State of .

17     3. Complainant alleges that on or about **June 4, 2018**, respondent took the following
18     adverse actions:

19     **Complainant was discriminated against** because of complainant's disability
       (physical or mental), medical condition (cancer or genetic characteristic) and as a
20     result of the discrimination was terminated, denied a work environment free of
21     discrimination and/or retaliation, denied reasonable accommodation for a disability.

22     **Complainant experienced retaliation** because complainant reported or resisted
       any form of discrimination or harassment, requested or used a disability-related
23     accommodation, requested or used leave under the california family rights act or
       fmla (employers of 50 or more people) and as a result was terminated, denied a
24     work environment free of discrimination and/or retaliation, denied reasonable
       accommodation for a disability, denied family care or medical leave (cfra)
25     (employers of 50 or more people).

26

27                                  -1-

28     Date Filed: February 13, 2019

1
2  **Additional Complaint Details:** Plaintiff began working for Defendant on or about
3  January 30, 2016 as a Detention Officer. While working for Defendant, Plaintiff was
   earning approximately $21.00 per hour. Plaintiff's primary job responsibilities
4  involved maintaining security around the perimeter, receiving and processing
   detainees into custody and preparing routine records on detainees. Throughout her
5  employment with Defendant, Plaintiff was a diligent worker. On or about October 16,
   2017, Plaintiff was experiencing severe back pain, and numbness in her feet.
6  Plaintiff sought medical attention from Mountain View Urgent Care's facility and was
7  diagnosed with Grade I Spondylolsithesis, Degenerative disc Disease, and Spasms.
   On or about October 19, 2017, Plaintiff's symptoms did not change which resulted in
8  her seeing a physician at the Caring Family Medicine facility. Plaintiff was in severe
   pain and had to undergo imaging tests. Due to Plaintiff's severe medical condition,
9  she was placed off work until November 19, 2017, by her physician. Plaintiff
10 submitted her medical note to Defendant via Facsimile. On or about November 15,
   2017, Plaintiff sought medical attention and was diagnosed with Low Back Pain,
11 Spondylolisthesis, Lumbar Radiculopathy and Lumbar Spondylosis. Plaintiff was
   further placed off work until December 3, 2017, by her physician. Plaintiff's medical
12 note was submitted to Defendants electronically. On or about December 5, 2017,
   Plaintiff was experiencing further symptoms of the above mentioned disabilities.
13 Plaintiff was seen by her primary physician who diagnosed her with Lumbar
14 Radiculopathy, Sciatica, Bilat Sides, and Low Back Pain. On or about December 13,
   2017, Plaintiff's symptoms did not change and her leave of absence was further
15 extended until January 15, 2018. On or about January 16, 2018, Plaintiff was
   diagnosed with Spinal Stenosis of Lumbar Spine, Spondylolisthesis, Sciatica, Bilat
16 Sides, and Chronic Low Back Pain. Plaintiff's leave of absence was further extended
17 until February 18, 2018, by her physician. On or about February 16, 2018, Plaintiff
   was seen by a pain specialist. Plaintiff had to undergo treatment for her
18 incapacitating pain and uncontrolled symptoms. Plaintiff was further diagnosed with
   Spinal Stenosis of Lumbar Spine, Spondylolisthesis and Sciatica. On or about
19 February 19, 2018, Plaintiff's leave of absence was further extended until March 4,
   2018. Plaintiff's physician indicated that Plaintiff is to be placed on modified activity
20 at work and at home from March 5, 2018 through April 4, 2018. On or about March
21 16, 2018, Plaintiff was experiencing sharp shooting pain and numbness and tingling
   going down to posterior aspect of her legs to her calves bilaterally. Plaintiff was
22 further diagnosed with Spondylolisthesis. Plaintiff's leave of absence was further
   extended until July 18, 2018. On or about April 16, 2018, Plaintiff had back fusion
23 surgery. Rather than accommodating Plaintiff's serious injuries, Defendants
   retaliated against Plaintiff by wrongfully terminating her employment on June 4,
24 2018, for pretextual reasons.
25
26
27                            -2-
                   *Complaint – DFEH No. 201902-05135714*
28 Date Filed: February 13, 2019

1  VERIFICATION

2  I, **Roman Otkupman**, am the **Attorney** in the above-entitled complaint.  I have read
3  the foregoing complaint and know the contents thereof.  The matters alleged are
   based on information and belief, which I believe to be true.

4
   On February 13, 2019, I declare under penalty of perjury under the laws of the State
5  of California that the foregoing is true and correct.

6                                                                **Agoura Hills, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                              -3-
27                              *Complaint – DFEH No. 201902-05135714*

28  Date Filed: February 13, 2019

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Roman Otkupman, Esq. Bar No. 249423; Meghan Maertz, Esq. Bar No. 276976
Otkupman Law Firm, ALC
28632 Roadside Drive, Suite 203
Agoura Hills, CA 91301
 TELEPHONE NO.: (818) 293-5623    FAX NO.: (888) 850-1310
ATTORNEY FOR *(Name):* Plaintiff Lea Garcia

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
 STREET ADDRESS: 247 W 3rd St
 MAILING ADDRESS:
 CITY AND ZIP CODE: San Bernardino, CA 92415
 BRANCH NAME: San Bernardino Justice Center

**FOR COURT USE ONLY**

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

FEB 1 9 2019

BY _____
RAFAEL HERNANDEZ, DEPUTY

CASE NAME:
Lea Garcia vs. Geo Corrections and Detention, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIVDS1905850 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)    [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 14, 2019
Roman Otkupman
_____
(TYPE OR PRINT NAME)

►_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)--Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice--
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach--Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case--Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ--Administrative Mandamus
Writ--Mandamus on Limited Court
Case Matter
Writ--Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal--Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400--3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Lea Garcia

CASE NO.: CIVDS1905866

vs.

**CERTIFICATE OF ASSIGNMENT**

Geo Correction and Detention LLC, et al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
SAN BERNARDINO District of the Superior Court under Rule 404 of this court for the checked reason:

☒ General          ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other Wrongful Termination | |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| Defendant - Geo Corrections and Detention, LLC | 10400 Rancho Road | |
|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS | |
| Adelanto | CA | 92301 |
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on February 14, 2019 at Agoura Hills , California

_Signature of Attorney/Party_

## CERTIFICATE OF ASSIGNMENT

13-16503-360, Rev 06-2014

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
------------------------------------------------------------------------
------------------------------------------------------------------------
                                    CASE NO: CIVDS1905866
  OTKUPMAN LAW FIRM
  28632 ROADSIDE DRIVE
  STE 203
  AGOURA HILLS CA 91301
                         NOTICE OF TRIAL SETTING CONFERENCE

IN RE: LEA GARCIA V GEO CORRECTIONS AND DETENTION, LLC

THIS CASE HAS BEEN ASSIGNED TO: JOHN M PACHECO IN DEPARTMENT S31
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 West Third Street
SAN BERNARDINO, CA  92415-0210.

          HEARING DATE: 08/19/19 at  8:30 in Dept. S31


DATE: 02/25/19  Nancy Eberhardt, Court Executive Officer
                                        By: RAFAEL HERNANDEZ
------------------------------------------------------------------------
------------------------------------------------------------------------
                    CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
(X) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 02/25/19
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 02/25/19 at San Bernardino, CA

                         BY: RAFAEL HERNANDEZ

**MAR 0 5 2019**