3.

# EXHIBIT B

3.

| | |
|---|---|
| 1 | CRAIG G. STAUB, Bar No. 172857 |
| | LITTLER MENDELSON, P.C. |
| 2 | 633 West 5th Street |
| | 63rd Floor |
| 3 | Los Angeles, CA 90071 |
| | Telephone: 213.443.4300 |
| 4 | Fax No.: 213.443.4299 |
| 5 | RACHAEL LAVI, Bar No. 294443 |
| | CASSIDY C. VEAL, Bar No. 323899 |
| 6 | LITTLER MENDELSON, P.C. |
| | 2049 Century Park East |
| 7 | 5th Floor |
| | Los Angeles, CA 90067.3107 |
| 8 | Telephone: 310.553.0308 |
| | Fax No.: 310.553.5583 |

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 3 2019

BY _____
JASMIN CASILLAS, DEPUTY

Attorneys for Defendants
GEO CORRECTIONS AND DETENTION, LLC
AND THE GEO GROUP, INC.

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN BERNARDINO

LEA GARCIA, an individual,

    Plaintiff,

v.

GEO CORRECTIONS AND DETENTION, LLC, a Florida Limited Liability Company, THE GEO GROUP, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS GEO CALIFORNIA, INC., a Florida Corporation and Does 1 through 100, inclusive,

    Defendants.

Case No. CIVDS 1905866

ASSIGNED FOR ALL PURPOSES TO JUDGE JOHN M. PACHECO, DEPT. S31

**DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

Complaint Filed: February 29, 2019

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

1.

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Defendants The GEO Group, Inc., d/b/a GEO California, Inc. ("GEO"), and GEO Corrections and Detention, LLC ("GEO Corrections") (collectively, "Defendants"), by and through their attorneys, answer the unverified Complaint of Plaintiff Lea Garcia ("Plaintiff") on behalf of themselves and no other Defendant as follows:

## GENERAL DENIAL

Defendants generally deny each and every allegation contained in Plaintiff's Complaint pursuant to section 431.30 of the California Code of Civil Procedure. Defendants further deny that Plaintiff has been damaged in the sums alleged, or at all.

## AFFIRMATIVE DEFENSES

Defendants further assert the following affirmative defenses. By asserting these defenses, Defendants do not concede that they have the burden of proof as to any affirmative defense asserted below. Defendants do not presently know all the facts concerning the conduct alleged by Plaintiff sufficient to state all affirmative defenses at this time. Defendants will seek leave of this Court to amend this answer should they later discover facts demonstrating the existence of additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1. As a separate and distinct affirmative defense, Defendants assert that the Complaint and each cause of action set forth therein fail to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

2. As a separate and distinct affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege, that the Complaint and each cause of action set forth therein, or some of them, is barred, in whole or in part, by the equitable doctrine of waiver.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213 443 4300

2.

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3. As a separate and distinct affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege, that the Complaint and each cause of action set forth therein, or some of them, is barred, in whole or in part, by the equitable doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4. As a separate and distinct affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege, that the Complaint and each cause of action set forth therein, or some of them, is barred by the equitable doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5. As a separate and distinct affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege, that the Complaint and each cause of action set forth therein, or some of them, is barred, in whole or in part, by the equitable doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Consent)

6. As a separate and distinct affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege, that the Complaint and each cause of action set forth therein, or some of them, is barred, in whole or in part, by the equitable doctrine of consent.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

7. As a separate and distinct affirmative defense, Defendants allege that each purported cause of action set forth in the Complaint is barred in whole or in part by the applicable statute(s) of limitation, including but not limited to, the limitations periods contained in California Government

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

3.

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Code sections 12960(d) and 12965(b), and California Code of Civil Procedure sections 335.1, 338(a), and 343, and/or any other applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

8. As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein is barred, in whole or in part, because Plaintiff failed to exhaust her administrative remedies with the appropriate governmental agencies including, without limitation, the California Department of Fair Employment and Housing and the Equal Employment Opportunity Commission.

## NINTH AFFIRMATIVE DEFENSE

### (Claims Exceed Scope of Administrative Charges)

9. As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein is barred, in whole or in part, because, assuming *arguendo* that Plaintiff did attempt to exhaust her administrative remedies with the appropriate governmental agencies including, without limitation, the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission, the causes of action asserted in the Complaint exceed the scope of any potential charges filed with such governmental agencies.

## TENTH AFFIRMATIVE DEFENSE

### (Managerial Privilege)

10. As a separate and distinct affirmative defense, Defendants allege that Plaintiff's Complaint cannot be maintained because Defendants allege that its conduct (and the conduct of Defendants' officers, managers or employees while acting in the course and scope of their employment) is protected by the managerial privilege in that all actions taken with respect to Plaintiff's employment were undertaken and exercised with proper managerial discretion in good faith, and for proper, lawful reasons.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Reasons for Employment Decisions)

11. As a separate and distinct affirmative defense, Defendants allege that the Complaint

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213 443 4300

4.

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

and each cause of action set forth therein, or some of them, is barred, in whole or in part, because the employment decisions about which Plaintiff complains were based upon legitimate, non-discriminatory and non-retaliatory business reasons.

### TWELFTH AFFIRMATIVE DEFENSE

### (Business Necessity)

12. As a separate and distinct affirmative defense, Defendants allege, without admitting that Defendants engaged in any of the acts or omissions alleged in Plaintiff's Complaint, that any such acts or omissions were undertaken for business necessity and/or for lawful business reasons.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Defendants Acted in Good Faith and with Good Cause)

13. As a separate and distinct affirmative defense, Defendants allege, without admitting that Defendants engaged in any of the acts or omissions alleged in Plaintiff's Complaint, that the Complaint and each cause of action set forth therein cannot be maintained because good cause existed for each and every action taken by Defendants with respect to Plaintiff's employment and Defendants acted reasonably and in good faith, at all times, based upon all relevant facts and circumstances known by Defendants at the time it acted.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Mixed-Motive)

14. As a separate and distinct affirmative defense, Defendants allege, without admitting that Defendants engaged in any of the acts or omissions alleged in Plaintiff's Complaint, that even if Plaintiff could establish that any of the allegations set forth in her Complaint were motivated by a potentially illegitimate motive, that Defendants would have made the same decision and/or taken the same action even if it had not taken the alleged illegitimate motive into account.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal Remedies)

15. As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein, or some of them, is barred, in whole or in part, by Plaintiff's failure to exhaust appropriate internal remedies.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213 443 4300

5.

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## SIXTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

16. As a separate and distinct affirmative defense, Defendants allege that, to the extent Defendants acquire any evidence of wrongdoing by Plaintiff during the course of this litigation that would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff being demoted, disciplined, and/or terminated, such after-acquired evidence shall bar Plaintiff's claims on liability or damages and shall reduce such claims as provided by law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Breach of Duties)

17. As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action therein is barred against Defendants, in whole or in part, by Plaintiff's own breach of duties under California Labor Code sections 2854, 2856, 2857, 2858 and/or 2859.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity and Preemption)

18. As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein is barred, in whole or in part, by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code sections 3200, *et seq.*

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Unlawful Or Retaliatory Motive)

19. As a separate and distinct affirmative defense, the Complaint and each cause of action set forth therein cannot be maintained against Defendants because, if any unlawful discriminatory or retaliatory motive existed in connection with any employment decision involving Plaintiff, which Defendants deny, any and all claims for damages are nevertheless barred because such employment decision would have been the same even without any such unlawful discriminatory or retaliatory motive.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213 443 4300

6.

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

### TWENTIETH AFFIRMATIVE DEFENSE

**(Outside Course and Scope of Employment)**

20. As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each cause of action set forth therein, cannot be maintained because, to the extent that any employees of Defendants took the actions alleged, such actions were committed outside the course and scope of such employees' employment, were not authorized, adopted or ratified by Defendants and/or Defendants did not know of nor should it have known of such conduct.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Not Eligible for FMLA/CFRA Leave)**

21. As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein is barred in whole or in part because Plaintiff was not eligible for protected leave under the FMLA/CFRA, nor any other law, whether statutory or otherwise.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Exhaustion Of Leave)**

22. As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein is barred in whole or in part because Plaintiff exhausted all protected leave to which Plaintiff was entitled under the FMLA/CFRA or any other law, whether statutory or otherwise.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Full Performance)**

23. As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action therein, cannot be maintained against Defendants because, without admitting the existence of any duties or obligations as alleged in the Complaint, Defendants have fully performed, satisfied or discharged any obligations which Plaintiff claims are owed by Defendants.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

7.

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Offset)

24. As a separate and distinct affirmative defense, Defendants allege that any recovery to which Plaintiff might otherwise be entitled must be offset by any disability or unemployment benefits and/or other monies and/or benefits Plaintiff has received or will receive.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Private Right of Action)

25. As a separate and distinct affirmative defense, Defendants allege that Plaintiff's cause of action for failure to prevent discrimination is barred because there is no private right of action for this claim. *See Dept. of Fair Emp't & Housing v. Lyddan Law Group (Williams)*, No. 10-04-P, 2010 CA FEHC LEXIS 4, (Oct. 19, 2010).

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

26. As a separate and distinct affirmative defense, Defendants allege that Plaintiff is barred from obtaining any recovery by reason of her failure to mitigate her alleged damages, if any, or, alternatively, any damages or other relief awarded to Plaintiff must be reduced or limited to the extent of such failure to mitigate.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Misconduct of Other Parties)

27. As a separate and distinct affirmative defense, Defendants allege that if Plaintiff suffered any damages as alleged in her Complaint, such damages were proximately or legally caused by the breach of duties and/or misconduct of Plaintiff and/or parties other than Defendants and, accordingly, any award of damages is several and must be reduced in whole or in part, or apportioned in proportion to the percentage of comparative fault of Plaintiff, other parties and/or unauthorized individuals.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Emotional Distress Damages Unconstitutional)

28. As a separate and distinct affirmative defense, Defendants allege that Plaintiff is not

8.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

entitled to recover emotional distress damages because California's system of emotional distress damages is unconstitutional under *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), as well as the United States and California Constitutions.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

29. As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims for damages are precluded to the extent that such damages are speculative.

### THIRTIETH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

30. As a separate and distinct affirmative defense, Defendants allege that Plaintiff is not entitled to recover punitive damages because the imposition of such damages violates the United States and California Constitutions, in that: (1) such damages are so punitive in purpose and effect as to constitute a criminal penalty, entitling Defendants to rights to be given to Defendants in criminal proceedings under the United States and California Constitutions; (2) such damages constitute an impermissible restriction on speech and a violation of the First Amendment of the United States Constitution; (3) the imposition of such damages would violate Defendants' rights to due process and/or equal protection under the law, under the United States and California Constitutions; and/or (4) the California punitive damages statute is unconstitutional in that it imposes an undue burden on interstate commerce.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Knowledge Justifying Punitive Damages)

31. As a separate and distinct affirmative defense, Defendants allege that without admitting to any of the acts, conduct or statements attributed to it by Plaintiff's Complaint, Plaintiff's claims for punitive damages are barred because the acts, conduct or statements contained in Plaintiff's Complaint were not taken with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of Defendants.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

9.

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Costs of Suit)

32. As a separate and distinct affirmative defense, Defendants allege that Plaintiff has failed to state facts sufficient to entitle her to costs of suit incurred herein and/or an award of attorneys' fees.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Bad Faith and/or Frivolous Claims)

33. As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims are unreasonable, were filed in bad faith, and/or are frivolous and, for such reasons, justify an award of attorneys' fees and costs against Plaintiff and/or her attorneys pursuant to California law including, but not limited to California Code of Civil Procedure section 128.5.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Doctrine of Avoidable Consequences)

34. As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein, or some of them, is barred, in whole or in part, by the doctrine of avoidable consequences. *See State Dept. of Health Serv. v. Super. Ct.*, 31 Cal. 4th 1026 (2003).

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Prejudgment Interest Cannot Be Granted)

35. As a separate and distinct affirmative defense, Defendants are informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, because the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Unreasonable Accommodation)

36. As a separate and distinct affirmative defense, Defendants are informed and believe

that further investigation and discovery will reveal, assuming *arguendo* that Plaintiff was disabled and requested an accommodation, the accommodation(s) requested by Plaintiff was/were unreasonable.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (Failure To Engage In Interactive Process)

37. As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims are barred in whole or in part because Plaintiff failed to engage in the interactive process in good faith.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### (Undue Hardship)

38. As a separate and distinct affirmative defense, Defendants allege, based on the belief that further discovery will disclose facts supporting such defense, that Plaintiff's claim for failure to accommodate is barred because, to the extent that Plaintiff actually had a disability that required accommodation, no reasonable accommodation was available that would not have caused Defendants undue hardship.

### THIRTY-NINTH AFFIRMATIVE DEFENSE
### (Unable To Perform Essential Duties)

39. As a separate and distinct affirmative defense, Defendants allege, based on the belief that further discovery will disclose facts supporting such defense that Plaintiff's claims are barred to the extent that Plaintiff, even with reasonable accommodation, was unable to perform the essential duties of Plaintiff's positions and/or to perform these duties in a manner that would not endanger Plaintiff's health or safety or the health or safety of others.

### FORTIETH AFFIRMATIVE DEFENSE
### (Bona Fide Occupational Qualification)

40. As a separate and distinct affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege, that the Complaint and each cause of action set forth therein is barred, in whole or in part, because to the extent that the Court may find that Plaintiff did have a disability that limits a major life activity and that Defendants

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213 443 4300

11.

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

had an obligation to reasonably accommodate such a disability, Defendants' decision(s) were based upon a bona fide occupational qualification.

### FORTY-FIRST AFFIRMATIVE DEFENSE

### (No Employment Relationship)

41. As a separate and distinct defense, Defendant GEO Group, Inc. alleges there was no employment relationship between Defendant GEO Group, Inc. and Plaintiff; therefore, the Complaint, and each of its purported claims, fails to state a claim upon which relief can be granted as to Defendant GEO Group, Inc.

### FORTY-SECOND AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

42. Defendants reserve their right to assert additional defenses or claims which may become known during the course of discovery.

### PRAYER

WHEREFORE, Defendants pray for judgment from this Court as follows:

1. Plaintiff take nothing by way of her Complaint;
2. The Complaint be dismissed, in its entirety, with prejudice;
3. Defendants be awarded judgment in their favor and against Plaintiff;
4. Defendants recover their costs of suit incurred herein; and
5. The Court grant Defendants such further relief as it deems just and proper.

Dated: April 3, 2019

*/s/ signature/*

CRAIG G. STAUB
RACHAEL LAVI
CASSIDY C. VEAL
LITTLER MENDELSON, P.C.
Attorneys for Defendants
GEO CORRECTIONS AND DETENTION, LLC AND THE GEO GROUP, INC.

FIRMWIDE:163434958.3 059218.1386

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213 443 4300

12.

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107. On April 3, 2019, I served the within document(s):

**DEFENDANTS' ANSWSER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

[X] by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

Roman Otkupman, Esq.
Meghan Maertz, Esq.
OTKUPMAN LAW FIRM
28632 Roadside Drive, Suite 203
Agoura Hills, CA 91301
*Roman@OLFLA.com*
*Meghan@OLFLA.com*
*Tel: (818) 293-5623/ F: (888) 850-1310*
***Attorney for Plaintiff***

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 3, 2019 at Los Angeles, California.

*/s/ Ionna Newcomb-Carter*

FIRMWIDE:163587807.1 059218.1386